[Civ. No. 26346. Second Dist., Div. One. Apr. 26, 1963.]

BORUN BROS. et al., Plaintiffs and Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Respondents; CALIFORNIA BEER WHOLESALERS ASSOCIATION, INC., Intervener and Respondent.

O'Melveny & Myers and Howard J. Deards for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Defendants and Respondents.

Albert G. Evans for Intervener and Respondent.

WOOD, P. J.—Since prior to 1935, Borun Bros., a corporation, has been a holder of a beer and wine wholesaler's license and a beer and wine importer's license. Since 1956, Thrifty Drug Stores, Inc., a corporation, has been a holder of off-sale general licenses and off-sale beer and wine licenses. In 1956, the intervener herein filed an accusation, with the Department of Alcoholic Beverage Control, against Borun Bros. and Thrifty Drug Stores charging in substance that: Borun Bros., in violation of section 25502 of the Business and Professions Code, was a wholly owned subsidiary of Thrifty Drug Stores and that the officers and directors of Borun Bros. held an ownership interest in Thrifty, the holder of an off-sale general license; and Borun Bros., in violation of section 23779 of the Business and Professions Code, had failed to actively and in good faith engage in the wholesale business under its wholesale beer and wine license and had sold to no retailer other than Thrifty Drug Stores.

After a hearing, the Department of Alcoholic Beverage

Control revoked Borun's wholesale beer and wine license and its wine importer's license. (No disciplinary action was taken regarding the Thrifty licenses.) The revocation was affirmed by the Alcoholic Beverage Control Appeals Board.

Borun Bros. and Thrifty commenced this action in the superior court to obtain a writ of mandate compelling the department of Alcoholic Beverage Control to vacate its decision revoking the license. The court denied the petition for a writ of mandate; and Borun and Thrifty appeal from the judgment.

Appellants assert that neither of said sections, 25502 or 23779, "constitutes" a basis or ground for revocation of the licenses.

Said section 25502 (in effect in 1956) provided: "No manufacturer, wine grower, manufacturer's agent, . . . or wholesaler, or any officer, director, or agent of any such person, shall, except as authorized by this division, hold the ownership, directly or indirectly, of any off-sale general license for any premises, or own or control any interest, directly or indirectly, by stock ownership, interlocking directors, trusteeship, or mortgage of the premises or fixtures covered by an off-sale general license. . . ."

Said section 23779 (in effect in 1956) provided: "No wholesale license shall be issued to any person who does not in good faith actually carry on or intend to carry on a bona fide wholesale business by sale to retail licensees of the alcoholic beverage designated in the wholesale license, and the department may revoke any wholesale license when the licensee fails for a period of 45 days actively and in good faith to engage in the wholesale business and shall revoke any distilled spirits wholesaler's license held by any person who fails to comply with applicable provisions of Sections 23378, 23379. . . . Sale by a wholesale licensee to himself as a retail licensee is not the transaction of a bona fide wholesale business."

The matter was submitted to the department upon a written stipulation of facts, which recited, in part; Borun Bros. has been engaged in the wholesale drug business from 1923 to the present time as a corporation. In 1929 the first Thrifty Drug Store was opened. and Thrifty Drug Stores Co., Inc., was incorporated in 1935. From the beginning of its operations in 1929, Thrifty has been engaged in the retail drug store business and has purchased merchandise from Borun. In 1935 Thrifty acquired and still continues to hold all of

the stock of Borun. Prior to the acquisition of Borun's stock by Thrifty in 1935, there was issued to Borun by the Board of Equalization a beer and wine wholesaler's license, which license was thereafter renewed from year to year to the present time by the Board of Equalization and its successor, the Department of Alcoholic Beverage Control. As of March 13, 1953, October 19, 1956, and July 18, 1958, Thrifty held the following number of off-sale general licenses and off-sale beer and wine licenses on the following dates: March 13, 1953, 97 off-sale general licenses and no off-sale beer and wine licenses; October 19, 1956, 121 off-sale general licenses and one off-sale beer and wine license; and July 18, 1958, 128 off-sale general licenses and three off-sale beer and wine licenses.

The stipulation also included the names of the officers and directors of Borun, as to the three dates above mentioned. It also included the names of the officers and directors of Thrifty, and the number of shares of Thrifty stock owned by such persons, as of those three dates. A recital here of those names and numbers would involve many details. In summary, those lists of names show that the officers of both corporations are the same persons (H. H. Borun, Robert Borun, M. A. Borun, L. H. Straus, Chas. E. Magnus), except that in 1953 and 1956 Thrifty had a controller, E. S. Cotton. The lists also show that, as of October 1956, the directors of both corporations were the same persons; and that all the officers and directors of Borun owned stock in Thrifty.

The stipulation also recited: From March 13, 1953, to July 18, 1958, the purchases by Borun of beer and wine represented not more than 3.5 per cent of the total purchases of merchandise made by Borun. During that period, Borun made no sales of beer and wine to anyone other than Thrifty. During that period, the beer purchased by Borun was purchased at the suppliers' posted prices for sale to retailers. At the hearing on this matter presently set for July 24, 1958, respondents (Borun and Thrifty) may rest subject to their right to reopen for the limited purpose of incorporating by reference into the record in this proceeding all, or any portion, of the record in Northern California Beer Distributors Association against Safeway Stores Incorporated etc., et al., now in the records of the Department of Alcoholic Beverage Control, and related cases; and the incorporation of such record, and the consideration thereof, will be opposed by the accuser herein, if at all, only upon the ground that the record is irrelevant and immaterial.

Thereafter the department granted Borun's and Thrifty's motion to reopen for the purpose of introducing additional evidence which had been introduced in a similar but unrelated proceeding involving Safeway Stores.

The hearing officer's proposed decision, which was adopted by the department, recited in part: Since October 19, 1956, Thrifty has held and now holds at least 126 retail off-sale licenses at various premises. Since a date prior to 1935, Borun has held a beer and wine wholesaler's license and a beer and wine importer's license. Since 1935, Thrifty has owned all of the capital stock of Borun. As of October 19, 1956, the only person not common to both Borun and Thrifty as an officer or director was E. S. Cotton, controller of Thrifty. As of July 18, 1958, the only person not common to both Borun and Thrifty as an officer or director was J. M. French, director of Thrifty. Thrifty, by reason of such stock ownership and interlocking directorship since October 1956, has controlled and owned Borun. Borun is a wholly owned subsidiary and *alter ego* of Thrifty. Borun, by reason of such stock ownership ever since 1935 and interlocking directorship since October 1956, has owned an interest in the off-sale general licenses of Thrifty, in violation of section 25502 of the Business and Professions Code. Borun, for a continuous period of 45 days next preceding October 18, 1956, the date of the amended and supplemental accusation herein, did fail to actively and in good faith engage in the wholesale beer and wine business pursuant to its wholesale beer and wine license, within the meaning of section 23779 of the Business and Professions Code, in that Borun did not make sales of beer and wine to retail licensees other than Thrifty during said time. The department has jurisdiction to revoke Borun's wholsesale beer and wine license and its beer and wine importer's license in these proceedings, and the department has not been deprived of jurisdiction by the doctrine of res judicata or estoppel. Cause for disciplinary action has been established against Borun and Thrifty under article XX, section 22 of the California Constitution, and under section 24200, subdivisions (a) and (b), of the Business and Professions Code for violation of said sections 25502 and 23779 "severally and separately." Continuance of Borun's wholesale beer and wine license and its beer and wine importer's license would be contrary to public welfare and morals by reason of the facts found to be true herein. The recommen-

dation (of the hearing officer) is: Borun's beer and wine wholesale license and beer and wine importer's license are revoked.

The trial court found, among other things, as follows: The stipulation of facts entered into between Thrifty, Borun, and intervener correctly set forth the interlocking relationship among the stockholders, officers and directors of Thrifty and Borun. From March 13, 1953, to July 18, 1958, Borun made no sales of beer or wine to anyone other than Thrifty. It is untrue that the revocation of Borun's licenses was arbitrary and unreasonable. It is untrue that section 23779 is not susceptible of violation by a licensee. Sales by Borun to Thrifty were sales to Borun itself within the meaning of section 23779. It is untrue that Borun at all times actively and in good faith engaged in the wholesale business. It is untrue that the decisions and orders are not supported by the findings of the department. It is untrue that the findings of the department are not supported by substantial evidence in the light of the whole record. It is untrue that Borun and Thrifty at no time violated section 25502. The proceedings against Borun and Thrifty were not barred by res judicata.

One of appellants' contentions is, as above stated, that said section 23779 does not constitute a basis or ground for revocation of the licenses. That section provides, as above indicated, that the department may revoke any wholesale license when the licensee fails for 45 days actively and in good faith to engage in the wholesale business. It is further provided therein that, "Sale by a wholesale licensee to himself as a retail licensee is not the transaction of a bona fide wholesale business." Thrifty owns all the stock of Borun; and Borun is a wholly owned subsidiary of Thrifty. The officers of both corporations are the same persons (except that in certain years Thrifty had a controller and Borun did not have one). In October 1956 the directors of both corporations were the same persons. The department found that Borun was the *alter ego* of Thrifty. The judge stated, during the trial, that the corporations were "one and the same." Borun sells beer only to Thrifty. It is apparent that the department and the court concluded that, in view of such facts as to ownership of Borun by Thrifty and the interlocking directorships, the sales of beer by Borun were in effect sales to itself. In *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control,* 57 Cal.2d 749, 759 [22 Cal.Rptr. 14, 371 P.

2d 758], it was said: "Section 23779 clearly gives the department power to revoke a wholesale license in its discretion whenever the licensee fails for a period of 45 days to make sales to retail licensees other than himself. The statute, by the use of the word 'shall,' flatly prohibits the issuance of a beer or wine wholesale license to any person who does not in good faith intend to make sales to retail licensees other than himself, and this provision, together with the permissive power of revocation given by the section to the department with respect to persons who already hold such licenses, without doubt establishes a legislative policy against methods of operation such as those employed by Louis Stores." In that case, Louis Stores, Inc., owned several retail grocery stores and held a wholesale beer license for 33 of the stores, and it purchased beer "at wholesale" from the manufacturer, put it in its warehouse and later delivered it to its stores for sale to its customers, and no beer was sold at wholesale to any retail licensees. The methods of beer operations in that case and in the present case were practically the same. Appellants, herein, assert that the *Louis Stores* case is distinguishable from the present case in that only one corporation was involved therein, whereas there are two separate corporations in this case. Appellants argue that, in the present case, the department and the court should not have disregarded the separate corporate existence of Borun and Thrifty; that the only basis for the idea that the separate corporate existence can be disregarded is that Borun is a wholly owned subsidiary of Thrifty, that to a substantial extent the officers and directors of one are the officers and directors of the other, and that Borun sells only to Thrifty. They assert further to the effect that separate existence cannot be disregarded for those reasons alone; and that it cannot be disregarded unless the recognition of separate existence would aid in the consummation of a wrong. In view of the evidence herein (the stipulated facts) as to the corporate structure of Borun and Thrifty, it appears that the department and the court properly concluded that sales by Borun were in effect sales to itself.

Appellants contend further to the effect that the finding that the continuance of Borun's beer and wine licenses would be contrary to public welfare and morals was erroneous; that if such a finding were necessary, it was incumbent upon the department to prove this by evidence. Contrary to this argument, it was said in the *Louis Stores* case, *supra,*

at page 759: ''The statute contains no requirement that, before the department can revoke a license, there must be evidence showing that such a method of operation is contrary to general welfare, and there is no basis for reading into the provision this restriction upon the power of the department. The Legislature may properly, as it has here, provide that certain conduct is contrary to public welfare, and the department may rely upon the legislative declaration without taking evidence as to the detrimental effect upon public welfare.'' The said finding in the present case was not erroneous.

Appellants also contend, as above stated, that said section 25502 does not constitute a basis or ground for revocation of the licenses. The first part of the section is: ''No . . . wholesaler, or any officer, director, or agent of any such person, shall . . . hold the ownership, directly or indirectly, of any off-sale general license for any premises. . . .'' Appellants argue that this provision relates to the outright ownership of the off-sale general license and can have no application to the present situation, since in the present situation Thrifty, which is the off-sale licensee, owns all of the stock of Borun, the wholesaler; and that neither Borun nor any officer or director or agent of it holds the ownership of the Thrifty off-sale general license. It is clear that the officers of Borun own very substantial amounts of stock of Thrifty. Those persons may be deemed to have an ownership interest, indirectly, in the property of the Thrifty corporation which would include the license. The second part of said section is an alternative prohibition pertaining to a wholesaler. That part, including the introductory part of the section, is: ''No . . . wholesaler, or any officer, director, or agent of any such person shall . . . [second part begins here] own or control any interest, directly or indirectly, by stock ownership, interlocking directors, trusteeship, or mortgage of the premises or fixtures covered by an off-sale general license.'' Appellants argue that this second part is meaningless in that it does not state what it is the wholesaler is prohibited from owning or controlling; that the expression therein that ''No . . . wholesaler . . . shall own or control any interest, directly or indirectly, . . . *of* the premises or fixtures . . .'' is not a complete declaration. As above stated, the department found that Borun, by reason of such stock ownership and interlocking directorships, owned and now owns an interest *in* the off-sale general license issued

to Thrifty. Even though the word "of" is used therein, that portion of the sentence can reasonably be understood to bear the interpretation given by the department, that is, "an interest in." It is clear that officers and directors of Borun owned very substantial amounts of Thrifty stock.

Appellant contend further to the effect that they established their alleged special defense that this disciplinary action was barred by the determination of the previous proceedings of the Board of Equalization in 1953. The matter of the applicability of the doctrine of res judicata, under similar circumstances, was discussed in *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control, supra,* 57 Cal.2d 749, 755-759 [22 Cal.Rptr. 14, 371 P.2d 758], and it was held that the doctrine was not applicable under the circumstances. The department and court did not err in determining that the doctrine of res judicata was not applicable herein.

It cannot properly be concluded herein that the penalty of revocation is excessive.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 19, 1963.